IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALEXANDER E. GOODE, | |
| Plaintiff, | |
| v. | Civil Action No. 22-325-CFC |
| CAPITAL ONE FINANCIAL CORPORATION | |
| Defendant. | |

## **MEMORANDUM ORDER**

Pending before me is Defendant Capital One Financial Corporation's motion to dismiss the Complaint. D.I. 8. Plaintiff, who proceeds pro se, was fired by Capital One in May 2020 and was enrolled in and paying premiums for continuing health care (COBRA) coverage under a Capital One-sponsored health plan during 2021. He alleges in the Complaint that Capital One violated the American Rescue Plan Act of 2021 (ARPA) by failing to notify him in 2021 that he was entitled to have Capital One pay for those premiums.

In deciding the motion, I accept all the factual allegations in the Complaint as true and take them in the light most favorable to Plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 33 (3d Cir. 2008). As a result, I assume—solely for purposes of deciding the pending motion—that Plaintiff's actions that led to his

termination did not constitute "gross misconduct." D.I. 1 at 5–6. (Plaintiff alleges in the Complaint that Capital One claims he was fired for gross misconduct and that an employee fired for gross misconduct is ineligible for the COBRA subsidy. D.I. 1 at 5. He alleges, however, that his "termination does not rise to the very high bar of gross misconduct." *Id.*) Because Plaintiff proceeds pro se, I liberally construe the Complaint and hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

Capital One argues that the Complaint fails as a matter of law because § 1332(c) of the Employee Retirement Income Security Act of 1974 (ERISA) does not authorize statutory penalties for alleged violations of ARPA's notice provisions. D.I. 9 at 4. Capital One concedes, however, that § 1332(c) authorizes penalties for violations of 29 U.S.C. § 1166(a)(4). D.I. 9 at 4. And Plaintiff argues that he has alleged that Capital One "is in violation of Public Law 117-2 [ARPA] § 9501(a)(5)(A), which means Capital One . . . is not meeting the requirements of 29 U.S.C. [§] 1166[(a)](4), which means per 29 U.S.C. [§ 1132(c)(1), that Plaintiff is] entitled to civil penalties of $110 per day plus any other relief the court may deem proper." D.I. 1 at 7.

2

Capital One counters that § 9501(a)(5)(C)—not § 9501(a)(5)(A)—applies to Plaintiff because Plaintiff was terminated before April 1, 2021. D.I. 9 at 4 n.3. It is true that § 9501(a)(5)(C) applies to employees terminated before April 1, 2021 and that § 9501(a)(5)(A) applies to employees terminated after April 1, 2021. But § 9501(a)(5)(C) requires the health group plan administrator to provide "the additional notification required to be provided under subparagraph (A)"—i.e., § 9501(a)(5)(A)—and, under subparagraph (A), that additional notification includes notification of "the availability of premium assistance with respect to [COBRA continuation] coverage." Pub. L. No. 117-2, § 9501(a)(5)(A), (C). Thus, § 9501(a)(5)(A)'s availability-of-premium-assistance notification requirement does apply—albeit indirectly—to Plaintiff.

Section 9501(a)(5)(C) further provides that "failure to provide such notice shall be treated as a failure to meet the notice requirements *under the applicable COBRA continuation provision.*" Pub. L. No. 117-2, § 9501(a)(5)(C) (emphasis added). Section 9501(a)(9)(C) defines "COBRA continuation provision" as "provisions of law described in [§ 9501(a)(9)(B)]," which, in turn, defines "COBRA continuation coverage" to "mean[] continuation coverage provided pursuant to," among other laws, "part 6 of subtitle B of title I of the Employee Retirement Income Security Act of 1974 (other than under section 609)." Pub. L.

3

No. 117-2, § 9501(a)(9)(B)–(C). Section 606 of part 6 of subtitle B of title I of ERISA (titled "Notice Requirements") is codified as 29 U.S.C. § 1166. Employee Retirement Income Security Act of 1974 § 606, 29 U.S.C. § 1166. Thus, § 9501(a)(5)(C) of ARPA revised § 1166 to provide for "notice requirements under [an] applicable COBRA continuation provision." *Id.*; *see also* Employee Retirement Income Security Act of 1974 Table of Contents (showing that section 606 is in part 6 of subtitle B of title I). It follows from these provisions that a failure to comply with the availability-of-premium-assistance notification requirements of § 9501(a)(5)(A) constitutes a failure to comply with the notification requirements of § 9501(a)(5)(C), which in turn constitutes a failure to comply with the notification requirements of 29 U.S.C. § 1166(a)(4), which, in turn, under § 1132(c), "may in the court's discretion" be punished "in the amount of up to $100 a day from the date of such failure."[1]

For these reasons, Plaintiff's claim for penalties under 29 U.S.C. § 1132(c) for Capital One's alleged failure to comply with ARPA does not fail as a matter of law.

---

[1] Since Congress passed ERISA, the "maximum amount of the civil monetary penalty" in 29 U.S.C. § 1132(c)(1) has been "increased from $100 a day to $110 a day." 29 CFR § 2575.502c-1.

NOW THEREFORE, at Wilmington on this First day of June in 2023, it is

**HEREBY ORDERED** that Capital One's motion to dismiss (D.I. 8) is **DENIED**.

_____
CHIEF JUDGE